UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROSE NORTH AMERICA, INC.,

    Plaintiff,

                                                                                           CASE NO. 08-10532
vs.                                                                        HON. LAWRENCE P. ZATKOFF

MASTER INDUSTRIES, INC.,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER**

This matter comes before the Court on Plaintiff's Ex Parte Motion for Order to Show Cause, Injunction, Temporary Restraining Order and for Possession Pending Final Judgment. The facts and legal arguments are adequately set forth in the brief submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. L.R. 7.1(e), this Court has decided Plaintiff's Application upon the brief submitted, without this Court entertaining oral arguments.

### I. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

Dockets.Justia.com

    (2)    whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

    (3)    whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

    (4)    whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for a preliminary injunction is not a rigid and comprehensive test; the four factors are elements to be balanced, not prerequisites that must be satisfied. *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992) ("[T]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements.").

## II. FINDINGS OF THE COURT

The Court has reviewed Plaintiff's Motion and Brief in support thereof. The Court finds that adequate remedies exist at law and, therefore, Plaintiff has not satisfied its burden to require this Court to grant Plaintiff's request for a Temporary Restraining Order. Accordingly, Plaintiff's Motion for a Temporary Restraining Order is DENIED.

The parties are hereby ORDERED to appear before this Court on Thursday, February 14, 2008, at 10:30 a.m. for a hearing on Plaintiff's Motion for a Preliminary Injunction and Possession Pending Final Judgment.

In addition, the Court hereby ORDERS Plaintiff to immediately provide Defendant with

copies of this Order and all documents filed with this Court. In the event Plaintiff fails to provide Defendant with all documents filed with this Court prior to 12:00 p.m. on Friday, February 8, 2008, the hearing on Plaintiff's Motion for a Preliminary Injunction and Possession Pending Final Judgment shall be rescheduled to March 6, 2008, at 11:00 a.m.

    IT IS SO ORDERED.

                                s/Lawrence P. Zatkoff
                                LAWRENCE P. ZATKOFF
                                UNITED STATES DISTRICT JUDGE

Dated: February 7, 2008

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 7, 2008.

                                s/Marie E. Verlinde
                                Case Manager
                                (810) 984-3290